**VACUUM CLEANER CO. v. WALDORF-ASTORIA HOTEL CO.**

(Circuit Court, S. D. New York. February 6, 1911.)

PATENTS (§ 297*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

    A preliminary injunction should not be granted on an unadjudicated patent, where, upon a strongly contested issue involving the validity of the patent, a large amount of testimony has been taken in other pending cases which is not produced on the motion, and where with proper diligence the case should have been ready for final submission.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. § 297.*

    Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

In Equity. Suit by the Vacuum Cleaner Company against the Waldorf-Astoria Hotel Company. On motion for preliminary injunction. Denied.

For former opinion, see 198 Fed. 865.

---

Mr. Ewing and Mr. Messimer, for the motion.
Mr. Cox, opposed.

HOUGH, District Judge. The vigor with which this application has been pressed by able counsel has led me to go through the entire mass of documents again. The result is to leave the court in the same frame of mind as in August last with the exception of one point.

That point is this: Six months have passed since the previous hearing. It was then apparent (if it had never appeared before) that the defense was very active and very insistent, and that the testimony on the Westman use was not so free from doubt as to render easy the granting of a preliminary injunction. Yet during the past six months it is asserted, and not denied, that no substantial progress has been made in getting the case ready for final hearing. It seems to me that in the light of the large records already compiled regarding the Westman use in other cases orders limiting time would have been made and drastically enforced, and that a final hearing might easily have been had at or about the date of this second motion for preliminary injunction. The conclusion, therefore, seems irresistible that there is some reason for preferring ex parte affidavits to testimony which may be made the subject of cross-examination. This has increased doubt weighing against the granting of any injunction; and I am still of opinion that such doubt may properly be based, not only on the affidavits submitted, but on any other facts brought to the attention of the trial judge.

It may now seem no more than fair to counsel to say with respect to the affidavits before the court that I am entirely satisfied that Westman did clean carpets by suction; that it is very probable that he so used his suction blast as to produce a partial vacuum whether he knew it or not; that an appliance has been produced alleged to have been used by Westman which might have been so used as to come near to anticipating the essential element of Kenney's idea; and that the evidence as to whether he did so use his machine, and whether he did use it without a brush, is so hopelessly conflicting and much of it so obviously unreliable as to leave in my mind now rather a stronger doubt, or, at any rate, a greater absence of certainty, than I entertained in August last. This is enough, and more than enough, to require the denial of an injunction, and a fair illustration of the possibly disastrous effects of such doubt (if resolved in favor of a complainant) is shown in Tompkins Co. v. New York, etc., Mattress Co., 159 Fed. 133, 86 C. C. A. 323, where the appellate court reversed a decree on final hearing because it took a favorable view of the testimony of a single witness, and that an interested one. The Virginia occurrences are not so remote as to render it impossible, or even improbable, that some one witness may be produced who will turn the scale and change the result even in an appellate court.

The suggestion is made that an injunction be granted pro forma in order to enable the whole case to be submitted to the Circuit Court

of Appeals. Entirely apart from the impropriety of such short cuts, the result of such action would in my judgment be merely delay, without any benefit to either party.

The motion is denied.